# ORIGINAL

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>STUDENT FINANCE CORP.,<br><br>Debtor | Chapter 11<br><br>Case No. 02-11620 (JBR) |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MCGLADREY & PULLEN, LLP, AND MICHAEL AQUINO,<br><br>Defendants. | Adversary Proceeding<br>No. 04-58003<br><br>(District Court Case No. 05-72-JJF)<br><br>ORDER APPROVING SETTLEMENT |

The Court having considered the Motion of Charles A. Stanziale, Jr., as Chapter 7 Trustee ("Trustee") of Student Finance Corporation, dated July __, 2007, for Approval of Settlement with McGladrey & Pullen LLP, Freed Maxick & Battaglia CPAs PC, Freed Maxick Sachs & Murphy, P.C., and Michael Aquino (collectively, the "Accountants"), pursuant to Bankruptcy Rule 9019 (the "Motion"); and a hearing on the Motion having been held before the Court on _____, 2007, and good and sufficient notice of the hearing and of the Motion having been given; and the Court having given due consideration to any responses to the Motion, and it appearing that there is good cause to grant the relief requested in the Motion and that the approval of the Motion is in the best interests of the estate, now therefore it is hereby

ORDERED, ADJUDGED and DECREED THAT the Motion is granted in all respects, and it is further

ORDERED that the Trustee-Royal-Accountants Agreement (as defined in the Motion) is approved and the Trustee is authorized and directed to take all actions necessary to

15 consummate the settlement on the terms and in the manner set forth in the Trustee-Royal-
16 Accountants Agreement, and it is further

17     ORDERED that the Trustee-Royal-Accountants Agreement shall be binding upon
18 all parties thereto in accordance with its terms, and shall be fully enforceable by the parties
19 thereto upon entry of this Order, and it is further

20     ORDERED that all persons and entities are permanently barred from asserting or
21 prosecuting against the Accountant Releasees, as defined in the Motion, any claim for indemnity
22 or contribution, however denominated, based upon, arising out of, or relating to claims or allega-
23 tions asserted by, or which could have been asserted by, the Trustee related to SFC, including
24 without limitation those claims or allegations asserted by, or which could have been asserted by,
25 the Trustee in *In re Student Finance Corp.*, No. 02-11620 (Bankr. D. Del.); *Charles A. Stanziale,*
26 *Jr., Chapter 7 Trustee, etc. v. McGladrey & Pullen, LLP et al.*, No. 04-58003-DDS (Bankr. D.
27 Del); *Royal Indemnity Company v. Pepper Hamilton LLP et al.*, Civ No. 05-165-JJF (D. Del.);
28 *Charles A. Stanziale, Chapter 7 Trustee v. Career Path Training Corporation, et al.*, Case No.
29 02-11620, Adv. Proceeding No. 04-56414 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7*
30 *Trustee v. Andrew N. Yao, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55218 (Bankr. D.
31 Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Pepper Hamilton LLP, et al.*, Civ. Action No.
32 04-1551-JJF (D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Alexandria Karlsen a/k/a Al-*
33 *exandria Karlsen Wolfe, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55635 (Bankr. D.
34 Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Franklin Career Services, Inc.*, et al., Case No.
35 02-11620, Adv. Proceeding No. 04-56416 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7*
36 *Trustee v. Mandalay Corp. d/b/a Mandalay Bay Resort & Casino*, Case No. 02-11620, Adv. Pro-
37 ceeding No. 04-56483 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. SWH Fund-*
38 *ing*, Case No. 02-11620, Adv. Proceeding No. 04-56478 (Bankr. D. Del.), or in any action in-
39 volving a person with whom the Trustee has entered into a tolling agreement. Provided, how-
40 ever, to the extent required by applicable law, a joint tort-feasor (as defined in the Trustee-Royal-
41 Accountants Agreement) may assert a cross-claim against the Accountant Releasees solely for
42 the purpose of obtaining an apportionment finding by the trier-of-fact. *See, e.g.,* 10 Del. C. ch.
43 63. Under no circumstance shall the foregoing exception void the bar to liability to which the
44 Accountant Releasees are entitled under 10 Del. C. §6304(b) or otherwise permit any recovery

CG&R DRAFT: 0/0/00 0:00 AM#Error! Unknown document property name. vError! Unknown document property name. (C

45 by any joint tortfeasor from any of the Accountant Releasees. *See Ikeda v. Molock*, 603 A.2d
46 785 (Del. 1991).

47 Any joint tort-feasor barred pursuant to this Order shall be entitled to a judgment
48 reduction to the extent of the "Bar Amount," as defined in, and under the conditions set forth in,
49 the Trustee-Royal-Accountants Agreement, and it is further

50 ORDERED that this Court shall retain jurisdiction to consider and resolve any
51 disputes arising under or relating to the Trustee-Royal-Accountants Agreement, as well as any
52 disputes arising under or relating to the agreement among Royal and the Accountants which was
53 entered into contemporaneously therewith.

54
55 Dated: _____, 2007
56 Wilmington, Delaware

57
58
59 _____
    United States Bankruptcy Judge
60
61

-3-